FEDERAL DEPOSIT INSURANCE COR-
PORATION, In Its Corporate Capacity
as Liquidator of American Bank and
Trust Company, of Lafayette, Louisi-
ana, a Corporation Created and Exist-
ing Under and By Virtue of an Act of
Congress and Having its Principal
Place of Business in Washington, Dis-
trict of Columbia,

v.

Walter B. STUART III, American Casual-
ty Company of Reading, Pa., Thomas A.
Billeaud, Richard E. Orgeron, Robert
E. Tujaque, J.J. Burdin, Bob E. Wright,
Robert E. Billeaud, F.K. Dowty, U.J.
Gajan, W.W. Hawkins, W.D. Huff, Jr.,
William H. Mouton, Leopold Weill, Jr.,
U.B. Landry, Cecil D. Trahan, and Cle-
tus B. Cribbs.

No. 89–2222.

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

April 9, 1991.

Bruce J. Pederson, FDIC, Washington,
DC., Joseph B. Olinde, Jr., David S. Rubin,
Kantrow, Spaht, Weaver & Blitzer, Baton
Rouge, La., for FDIC.

Ross, Dixon & Masback, Eleni M. Con-
stantine, Washington, D.C., Emmett C.
Sole, William B. Monk, Stockwell, Sievert,
Viccellio, Clements & Shaddock, Lake
Charles, La., for American Cas. Co. of
Reading, Pa.

Scofield, Gerald, Veron, Hoskins & Soi-
leau, John B. Scofield, Trial Atty., Lake
Charles, La., for Leopold Weill, Jr.

D. Mark Bienvenu, Voorhies & Labbe,
Lafayette, La., for F.K. Dowty, Richard E.
Orgeron and Bob E. Wright.

Davidson, Meaux, Sonnier, McElligott &
Swift, James J. Davidson, III, Lafayette,
La., for Walter B. Stuart III, Robert E.
Tujaque, J.J. Burdin, Robert E. Billeaud,
Wm. H. Mouton, Cletus B. Cribbs and W.D.
Huff, Jr. and Cecil D. Trahan.

## RULING

LITTLE, District Judge.

This lawsuit arose from the ashes of
American Bank, one of the many financial
institutions that failed during the past few
years. The Louisiana Commissioner of Fi-
nancial Institutions closed American on 26
September 1986 and appointed plaintiff
Federal Deposit Insurance Corporation
(FDIC) as its receiver and liquidator. The
FDIC subsequently sued the directors of
the bank, alleging that they had breached
their fiduciary responsibilities and failed to
exercise due care in managing American's
affairs. This initial action has been consol-
idated with a second suit that had been
filed against a group of defendants that
had been dismissed without prejudice from
the first proceeding.

On 17 December 1990 this court deferred
ruling on plaintiff's motion to strike (or, in
the alternative, to grant partial summary
judgment on) defendant Leopold Weill, Jr.'s
fourth, fifth, sixth, and seventh affirmative

defenses. All of these defenses relate to the actions of the FDIC after it took control of American. The thrust of Weill's allegations is that "the FDIC's delay and failure to diligently pursue collection of these debts contributed to the losses alleged in this suit.... The affirmative defenses asserted by Leopold Weill—contributory negligence, laches, waiver, delay, and so forth—focus upon whether the losses would have occurred had the FDIC acted with the same diligence it asserts the defendants were bound to exercise when *they* directed the bank." *See* Memorandum in Opposition to FDIC's Motion to Strike and Amended Motion to Strike p. 3 (emphasis in original).

The court did not rule on plaintiff's motion because the Supreme Court had accepted certiorari in *Gaubert v. United States,* 885 F.2d 1284 (5th Cir.1989), *rev'd,* —— U.S. ——, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). In *Gaubert* the Fifth Circuit had held that an investor could assert a negligence claim against the FDIC if its actions "became operational in nature." *Id.* at 1289. This court had previously noted *Gaubert* to be factually inapposite to a case involving the FDIC's ability to strike a defense alleging that it was negligent for post-receivership actions. *See FDIC v. Barham,* No. CV 89–0776 (12 February 1990 ruling granting FDIC's motion to strike affirmative defenses). Nevertheless, the court chose to defer ruling on the FDIC's motion to see if the Supreme Court would provide any broad legal principles that could apply by analogy to the case at bar.

A few days ago, however, the Supreme Court reversed the decision of the Fifth Circuit. Speaking for a unanimous Court, Justice White stated:

> In the end, Gaubert's Amended Complaint alleges nothing more than negligence on the part of the regulators. Indeed, the two substantive counts seek relief for "negligent selection of directors and officers" and "negligent involvement in day-to-day operations." App. 17, 18.... If the routine or frequent nature of a decision were sufficient to remove an otherwise discretionary act from the scope of the [discretionary function] exception, then countless policy-based decisions by regulators exercising day-to-day supervisory authority would be actionable. This is not the rule of our cases. Because from the face of the Amended Complaint, it is apparent that all of the challenged actions of the federal regulators involved the exercise of discretion in furtherance of public policy goals, the Court of Appeals erred in failing to find the claims barred by the discretionary function exception of the Federal Tort Claims Act.

*United States v. Gaubert,* —— U.S. ——, ——, 111 S.Ct. 1267, 1279–80, 113 L.Ed.2d 335 (1991).

In *Barham* this court held the FDIC's position that a defense based on post-receivership negligence could not be asserted against it was supported by "convincing and compelling" reasoning. Because the Supreme Court's *Gaubert* decision did nothing to change this court's opinion, the FDIC's motion to strike defendant Weill's fourth, fifth, sixth, and seventh affirmative defense is likewise GRANTED. An appropriate judgment shall issue.