**FDIC, as manager of the FSLIC Resolution Fund, Plaintiff,**

v.

**Paul Sau–Ki CHENG et al., Defendants.**

**E.F. HUTTON et al., Third–Party Plaintiffs,**

v.

**FEDERAL HOME LOAN BANK OF DALLAS et al., Third–Party Defendants.**

Civ. No. 3:90–CV–0353–H, CA–3:91–0076–H, CA–3:91–0333–H, CA–3:91–1677–H and CA–3:91–1678–H.

United States District Court, N.D. Texas, Dallas Division.

May 26, 1993.

Robert C. McGuire, pro se.

Jim D. Hamilton, Steven L. Weathered, David William Anderson, Ross Banks May Cron & Cavin, Houston, TX, David Farrington Yates, Nancye L. Bethurem, Rubinstein & Perry, Dallas, TX, Floyd I. Robinson, Jr., James D. Blair, Robert Russell, John C. Hammock, Carrie Glaser, Thomas J. Loughran, Douglas G. Thompson, Jr., Judith Hetherton, Frank Anthony Putzu, Michael Reiter Levy, Finkelstein Thompson & Loughran, Washington, DC, Jonathan Sam Miller, David Christopher Mullin, Vincent E. Nowak, Mullin Hoard & Brown, Amarillo, TX, for FDIC MGR FSLIC Resolution Fund.

Gary D. Wilson, Richard J. Oparil, Jeffrey McFadden, John Kim, Thomas F. O'Connell, Thomas Mueller, Wilmer Cutler & Pickering, Washington, DC, Kenneth Reed Wynne, Wynne & Maney, Houston, TX, for E.F. Hutton & Co.

Gary D. Wilson, Richard J. Oparil, Jeffrey McFadden, Jim Kim, Thomas F. O'Connell, William P. Donovan, Thomas Mueller, Wilmer Cutler & Pickering, Washington, DC, for Shearson Lehman Bros. Holdings, Inc. and Shearson Lehman Bros., Inc.

Joel Held, Mankoff Hill Held & Goldburg, Dallas, TX, Harold Weinberger, Philip M. Cedar, Douglas R. Pappas, Kramer Levin Nesson Kamin & Frankel, New York City, Karen Cullen, New York City, for Drexel Burnham Lambert Govt. Sec., Inc. and Drexel Burnham Lambert Inc.

Timothy A. Duffy, Burleson Pate & Gibson, Dallas, TX, for Cannie Hooper Heath Trust.

Cleveland Guy Clinton, Brown McCarroll & Oaks Hartline, Dallas, TX, for Guaranty Holding Corp.

David Charles Schick, Sumner & Schick, Dallas, TX, for Robert Keith Berger, Roger Wayne Watts, and Andrew Joseph Lewis.

Luther Edward Creel, III, Creel & Atwood, Jerry K. Thornton Warren, Locke Purnell Rain Harrell, Timothy P. Woods, Clements & Allen, Dallas, TX, Terry N. Christensen, Terry Avchen, Christensen White Miller Fink & Jacobs, Los Angeles, CA, for Paul Sau–Ki Cheng.

Paul Sau–Ki Cheng, pro se.

David Charles Schick, Sumner & Schick, Dallas, TX, Tracy Sheehan, Tampa, FL, for Robert Alex Levin.

George W. Fryhofer, P. Richard Game, Bondurant Mixson & Elmore, Atlanta, GA, Marshall Simmons, Law Office of Marshall Simmons, Dallas, TX, for Michael R. Sorensen.

Philip Isham Palmer, Jr., Palmer & Palmer, Dallas, TX, for Simon Edward Heath.

Jerry K. Thornton Warren, Locke Purnell Rain Harrell, Dallas, TX, Terry N. Christensen, Terry Avchen, Christensen White Miller Fink & Jacobs, CA, for Clements Allen & Warren, P.C., and Jerry K. Warren.

Cleveland Guy Clinton, Brown McCarroll & Oaks Hartline, Ronald Don Gray, Geary Porter & West, Dallas, TX, for Guaranty Federal Bank, F.S.B., and Geary, Glast, & Middleton, P.C.

Steven R. Block, Law Offices of Steven R. Block, Anthony Mommer, William R. Neale, Krieg Devault Alexander & Capehart, Indianapolis, IN, for Federal Home Bank of Boston, Federal Home Loan Bank of Chicago, Federal Home Loan Bank of Cincinnati, Federal Home Loan Bank of Des Moines, Federal Home Loan Bank of Indianapolis, Federal Home Loan Bank of New York, Federal Home Loan Bank of Pittsburgh, Federal Home Loan Bank of San Francisco, Federal Home Loan Bank of Seattle, Federal Home Loan Bank of Topeka, Federal Home Loan Bank of Atlanta.

Mary Ellen Orvis, U.S. Dept. of Treasury, Office of Thrift Supervision, Dallas Dist. Office, Dallas, TX, for Office of Thrift Supervision.

Robert Lynch Hoffman, Law Office of Robert L. Hoffman, Dallas, TX, Robert Bell Crotty, Patricia Ann Riley, McKool Smith, Dallas, TX, for Vera as legal representative of the Estate of Quinton Thompson.

Kathleen Elizabeth Palter, GTE Southwest Inc., Irving, TX, Michael P. Lynn, Eric Wolf Pinker, Akin Gump Strauss Hauer & Feld, Cleveland Guy Clinton, Brown McCarroll & Oaks Hartline, Dallas, TX, for Scott Smith.

Paul Edward Coggins, Meadows Owens Collier Reed & Coggins, Dallas, TX, Benjamin R. Idziak, Jr., Federal Home Loan Bank of Dallas, Irving, TX, Charles Lee Eisen, A. Zuard Renkey, Kirkpatrick & Lockhart, Washington, DC, for Federal Home Loan Bank of Dallas.

Thomas Gibbs Gee, pro se.

### *MEMORANDUM OPINION AND ORDER*

SANDERS, Chief Judge.

Before the Court is FDIC's Motion to Dismiss Counterclaim of Defendants and to Strike Certain Affirmative Defenses, and supporting brief, filed March 4, 1993; FDIC's Motion for Summary Judgment on Shearson's Counterclaim, and supporting brief, filed March 9, 1993; Shearson's Opposition to FDIC's Motion to Dismiss Shearson's Counterclaim and to Strike Certain Affirmative Defenses, filed March 24, 1993; Shearson's Opposition to FDIC's Motion for Summary Judgment on Shearson's Counterclaim, filed March 24, 1993; FDIC's Reply to Shearson's Opposition to FDIC's Motion to Dismiss, filed April 13, 1993; and FDIC's Amended Reply to Shearson's Opposition to

the FDIC's Motion for Summary Judgment on Shearson's Counterclaim, filed May 12, 1993.

## I. BACKGROUND

In its Third Amended Complaint, filed January 26, 1993, the FDIC asserts claims against the Defendants in this case for federal and state securities fraud, common-law fraud, breach of contract, breach of fiduciary duties, and negligence. The claims arise from the allegedly unlawful bond trading conducted by Defendants Cheng and Heath, as sole shareholders of, and on behalf of, Guaranty Federal Savings & Loan Association ["Guaranty Federal"].

The Defendants involved in the set of motions before the Court are E.F. Hutton & Company, Inc., Shearson Lehman Brothers, Inc., Shearson Lehman Brothers Holdings, Inc., Robert Berger, Andrew Lewis, and Roger Watts [collectively, "Shearson"]. Berger, Lewis, and Watts were at the time of the events in question stockbrokers with Hutton. The FDIC sues the individual brokers and the corporate Shearson Defendants for the brokers' involvement in the allegedly unlawful bond trading.

On February 11, 1993, Shearson filed its Answer to the Third Amended Complaint. The Answer asserts twelve affirmative defenses and a counterclaim for fraud and for recoupment from the FDIC for any damages for which Shearson may be held liable in this case. Plaintiff FDIC moves to strike Shearson's affirmative defenses on various grounds. The FDIC moves also for dismissal and for summary judgment on Shearson's counterclaim on the grounds that the Court lacks subject matter jurisdiction.

## II. MOTION FOR SUMMARY JUDGMENT ON SHEARSON'S COUNTERCLAIM

In its Answer to the FDIC's Third Amended Complaint, Shearson asserts what are in essence two separate counterclaims: one for fraud, based on the actions of the officers and directors of Guaranty Federal; and the other for recoupment, based on the actions of agents of the FHLB–D and the FSLIC.

### A. Fraud

Shearson contends that two of Guaranty Federal's officers and directors, Quinton Thompson and Scott Smith, "deliberately took affirmative measures that fraudulently induced Hutton to extend millions of dollars of credit to Guaranty Federal." Shearson's Opp. to Sum. Jdgmt, brief at 10. Briefly, Shearson alleges that Smith and Thompson provided Hutton with misleading information on Guaranty Federal's financial health, and that they suppressed a "cease and desist" order from the FHLB–D that would allegedly have served to compel Hutton to withdraw its extension of credit to Guaranty Federal, thus limiting the thrift's losses.

 One of the many capacities in which the FDIC brings this suit is as assignee of Guaranty Federal. In that capacity, it steps into Guaranty Federal's shoes and enjoys no particular immunity from counterclaims or defenses based on the conduct of the banking institution. *See FDIC v. Ernst & Young,* 967 F.2d 166, 170 (5th Cir.1992). Accordingly, the Court is of the view that the counterclaim asserted against Smith and Thompson, as officers and directors of Guaranty Federal, has been properly asserted under Rule 13(b) of the Federal Rules of Civil Procedure. Because the counterclaim is not invalid as a matter of law, and because material issues remain for the trier of fact to decide, summary judgment is inappropriate. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The FDIC's motion for summary judgment on this issue is DENIED; Shearson's counterclaim against the FDIC as assignee of the claims of Guaranty Federal, for Smith's and Thompson's alleged fraud, remains for trial.

### B. Recoupment

In the remaining portion of Shearson's counterclaim against the FDIC, Shearson claims that agents of the FHLB–D and FSLIC acted in concert with the officers and directors of Guaranty Federal to defraud Hutton. In relevant summary, Shearson al-

leges that the FHLB–D deliberately concealed Guaranty Federal's insolvency from Hutton during the time the bond trading was occurring. Shearson further alleges that the FHLB–D colluded in Guaranty Federal's violating federal regulations associated with reporting and with setting investment policies and limits. These actions among others were done, Shearson argues, "to induce Hutton to continue doing business with Guaranty Federal, including continuing to trade bonds." Ans. at 55.

In a previous opinion issued in this case, the Court dismissed a similar counterclaim brought by Shearson. *See FDIC v. Cheng,* 787 F.Supp. 625, 636 (N.D.Tex.1991). Shearson now contends that because FDIC has amended its Complaint to bring this suit in express multiple capacities, and because Shearson has amended its counterclaim to rest on varied factual grounds, the counterclaim should stand. The Court disagrees.

▉▉▉ To avoid dismissal under the Federal Tort Claims Act, 28 U.S.C. § 2680(a), Shearson's claim must sound in recoupment. *Cheng,* 787 F.Supp. at 631. A claim for recoupment must (1) be for defensive use only; (2) arise from the same transaction or occurrence as the complaint; and (3) be asserted against the opposing party. *Frederick v. United States,* 386 F.2d 481, 487–88 (5th Cir.1967). In its previous order, the Court held: "[Shearson's] counterclaim against the FDIC must fail as a matter of law because it has failed to assert a proper counterclaim in recoupment.... Because [Shearson's] counterclaim is not for recoupment, it must be dismissed for lack of subject matter jurisdiction pursuant to the Federal Tort Claims Act." That holding was based only in part on the limited capacity in which the FDIC was prosecuting the suit at that time, as assignee of Guaranty Federal's claims. The reasoning behind the other independent grounds on which dismissal was predicated under the *Frederick* test remains applicable. First, the counterclaim is asserted against the wrong party; that is, the FDIC is not the same entity as the federal regulatory agencies whose alleged conduct forms the basis of the counterclaim. *Id.* at 633. Second, the counterclaim does not arise

out of the same transaction or occurrence as the FDIC's claim. *Id.* at 634. Instead, it arises out of the regulators' alleged violation of regulations and agreements unrelated in any specific sense to the bond trading activities. Finally, "there is no indication of what duty the FDIC (or FHLBB or FSLIC) may have had to [Shearson] either in regulating Guaranty Federal or in liquidating its assets after it was declared insolvent." *Id.* at 636. Without such a duty, the counterclaim must fail. *Id.*

Accordingly, consistent with its previous order and opinion, the Court finds that Shearson has not asserted a valid counterclaim for recoupment. Because the Court has no subject matter jurisdiction, the FDIC is entitled to judgment as a matter of law on Shearson's counterclaim against the FDIC for actions of the FHLB–D and FSLIC. Accordingly, the FDIC's motion for summary judgment with respect to this issue is **GRANTED.**

### III. MOTION TO STRIKE AFFIRMATIVE DEFENSES

▉▉▉ Plaintiff FDIC moves to strike ten of Shearson's twelve affirmative defenses. Although motions to strike are disfavored, the Court has discretion to strike an affirmative defense if the defense is insufficient as a matter of law. *FDIC v. Eckert Seamans Cherin & Mellott,* 754 F.Supp. 22, 23 (E.D.N.Y.1990); *see Fox v. Taylor Diving & Salvage Co.,* 694 F.2d 1349 (5th Cir.1983). An affirmative defense is legally insufficient if, in light of sound precedent, it cannot succeed under any factual circumstance. *FDIC v. Isham,* 782 F.Supp. 524, 530 (D.Colo.1992). The discussion that follows addresses each of Shearson's affirmative defenses only in terms of its legal sufficiency.

Shearson's primary argument in opposition to the FDIC's motion is that striking its affirmative defenses would be against the "law of the case." In the Court's prior related opinion in this case, Shearson argues, the Court refused to strike substantially identical affirmative defenses asserted by Shearson. *See Cheng,* 787 F.Supp. at 636–337. The Court, however, finds reconsideration to be

appropriate in light of the denial's summary nature and in light of the amended pleadings.

### A. Affirmative Defenses Numbers Five, Six, Seven, Eight, Nine, Eleven, and Twelve

The seven affirmative defenses at issue here are the following: contributory or comparative negligence; waiver; estoppel; unclean hands; ratification; in pari delicto; and failure to mitigate damages. These defenses are factually based in part on activities of the FHLB–D, the FSLIC, and the FDIC prior to and following the failure of Guaranty Federal. The defenses are based also in part on the allegedly wrongful actions of Smith and Thompson, former officers and directors of Guaranty Federal. Shearson has not specified in its Answer the exact factual basis on which each of these defenses is predicated. The source of the actions on which each defense rests, however, is the ground on which each defense's validity depends. Accordingly, the Court addresses the relevant possibilities.

### 1. Officers' and Directors' Actions

■ To the extent the seven defenses at issue here are based on the pre-failure conduct of Guaranty Federal's officers and directors, the question of their validity turns on the capacity in which the FDIC brings its corresponding claim. In its Third Amended Complaint, the FDIC asserts claims in all its capacities, including but not limited to its capacity as the manager of the FSLIC resolution fund, its corporate capacity, its receivership capacity, its capacity as successor to FSLIC in its corporate capacity, its capacity as assignee from FSLIC as receiver of Guaranty Federal, and on behalf of Guaranty Federal's creditors. Third Amnd Comp., para. 7. The FDIC has not yet specified in which capacity it brings each of its claims.[1]

To the extent that the FDIC brings any claim on its own behalf or on behalf of entities other than Guaranty Federal, the affirmative defenses arising from the conduct of Guaranty Federal's officers and directors are legally insufficient. See FDIC v. Howse, 802 F.Supp. 1554, 1560 (S.D.Tex.1992) ("[A] claim based on the FDIC's conduct in one capacity may not be asserted against the FDIC acting in a totally different capacity."). To that extent, they are **STRICKEN.**

Should the FDIC bring any of its claims solely in its capacity as assignee of Guaranty Federal, however, that claim is subject to any applicable affirmative defense arising from the actions of former officers and directors of Guaranty Federal. See FDIC v. Ernst & Young, 967 F.2d at 170.

### 2. FDIC's (or Other Regulatory) Actions

■ Shearson's affirmative defenses based on federal regulatory conduct before or after the failure of Guaranty Federal are legally insufficient. Such attempts to shift a portion of a banking institution's losses to the public have been rejected almost uniformly by district courts in recent years. See, e.g., RTC v. Fite, No. SA–92–CA–196, 1993 WL 463252 (W.D.Tex. Mar. 29, 1993) (striking the defenses of ratification, waiver, estoppel, and mitigation of damages); FDIC v. Isham, 782 F.Supp. at 530–32 (striking comparative negligence, failure to mitigate, waiver, estoppel, ratification, consent, acquiescence, reliance on banking regulators, assumption of risk, lack of causation, and laches); FDIC v. Stuart, 761 F.Supp. 31, 32 (W.D.La.1991) (striking waiver, laches, and mitigation of damages).[2] Some courts have attributed the defenses' insufficiency to an absence of any duty of the FDIC to bank officers or directors, or to third parties, such as attorneys and accountants, against whom the FDIC has brought suit.[3] See, e.g., FDIC v. Stan-

---

**1.** The issue of the capacities in which the FDIC may legally bring each of its claims is a subject of Shearson's pending motion for summary judgment.

**2.** The regulatory roles of the FDIC, FSLIC, and RTC are sufficiently similar that case-law analysis is substantially interchangeable. See Isham, 782 F.Supp. at 531; RTC v. Fite, No. SA–92–CA–

196, order at 8, n. 1, 1993 WL 463252 (W.D.Tex., Mar. 29, 1993).

**3.** The Court finds no meaningful distinction between defendants who are officers and directors of a failed banking institution and defendants who are third parties such as attorneys, accountants, or, in this case, stockbrokers. See FDIC v. Ernst & Whinney, Civ. No. 3–87–0364, order at 3, 1992 WL 535605 (E.D.Tenn., May 19, 1992).

*ley,* 770 F.Supp. 1281, 1309 (N.D.Ind.1991); *FDIC v. Baker,* 739 F.Supp. 1401, 1407 (C.D.Cal.1990); *see also Cheng,* 787 F.Supp. at 636. Other courts have expressed the view that the policy embodied in the Federal Deposit Insurance Corporation Act and in FIRREA precludes the agency from shouldering any portion of a loss traced to wrongdoing in either pre- or post-failure regulatory activities.[4] *See, e.g., Isham,* 782 F.Supp. at 531–32. At the core of both lines of reasoning is the conviction that the public is the sole intended beneficiary of the FDIC's mandate:

> "[N]othing could be more paradoxical to sound policy than to hold that it is the public which must bear the risk of errors of judgment made by its officials in attempting to save a failing institution." ...
> FDIC's own conduct cannot be used to defeat or reduce a recovery to the insurance fund because the FDIC does not act to benefit [the defendants]. Moreover, FDIC's conduct in fulfilling its mandate involves discretionary decisions that should not be subjected to judicial second guessing.

*Isham,* 782 F.Supp. at 532 (quoting *FSLIC v. Roy,* 1988 WL 96570 (D.Md.1988)); *see also Burdette,* 718 F.Supp. at 663–4.

This Court finds no need to adopt one line of reasoning over the other; both are valid, and they are joined at the hip. What is apparent is the emergence of a bright-line rule that a federal banking agency, when bringing a tort claim as surrogate for the public, is exempt from the affirmative defenses arising from its regulatory conduct that would normally apply to private individuals.

The Court finds support for this proposition, by negative implication, in the Fifth Circuit's decision in *FDIC v. Ernst & Young,* 967 F.2d 166 (5th Cir.1992). In that case, the court held that "the FDIC is not entitled to special protection when it brings a tort claim against a third party on behalf of a defunct financial entity." *Id.* at 170. Of critical importance to the decision was that the FDIC, although it was authorized to sue

the defendants on its own behalf or on behalf of the failed banking institution's creditors, had chosen to bring its claim solely as the banking institution's assignee. The court emphasized: "No statutory justification or public policy exists to treat the FDIC differently from other assignees when the FDIC as a matter of choice in this case has limited its claim to that of an assignee." *Id.* at 170. In so stressing the FDIC's limited capacity, the court implied that the FDIC might indeed be exempted from normal defenses should it choose to sue in a capacity that would invoke public policy considerations. Such is the case here.

Accordingly, to the extent Shearson's affirmative defenses are based on pre- or post-failure governmental regulatory conduct, the defenses are legally insufficient. Only in the narrow event that an affirmative defense is based on nonregulatory conduct, and is offered against a claim that the FDIC brings solely in its capacity as Guaranty Federal's assignee, is the defense legally sufficient in this case. *See Ernst & Young,* 967 F.2d at 170. Such a defense, if any, remains for trial. Otherwise, the affirmative defenses based on conduct attributable to the FDIC are **STRICKEN.**

### 3. FHLB–D's Actions

The affirmative defenses resting on activities of the FHLB–D or FSLIC before or after Guaranty Federal's failure are insufficient as a matter of law. To the extent that an affirmative defense is grounded in the regulatory conduct of the FHLB–D or FSLIC, it is stricken under the reasoning in the section above. To the extent that a defense is based on nonregulatory "banking" conduct of the FHLB–D, it is legally insufficient because the FHLB–D and Plaintiff FDIC are not the same entity. *See Cheng,* 787 F.Supp. at 632–33. Accordingly, the actions of the FHLB–D cannot be used to defend against the claims of the FDIC. *See Howse,* 802 F.Supp. at 1560. All affirmative

---

**4.** A third valid view supporting dismissal is that a defense or counterclaim can be invoked against only the capacity of the federal agency in which the agency brings the suit. *See, e.g., FDIC v.*

*Howse,* 802 F.Supp. 1554, 1560 (S.D.Tex.1992); *FSLIC v. Burdette,* 718 F.Supp. 649, 664 (E.D.Tenn.1989).

defenses based on the FHLB–D's or FSLIC's actions are therefore **STRICKEN.**

### B. *Affirmative Defenses Numbers Two and Three*

 The FDIC argues that Shearson's second and third affirmative defenses should be stricken as well. In the second defense, Shearson asserts a lack of personal jurisdiction. In the third, Shearson alleges that the FDIC fails to state a claim on which relief can be granted. FDIC argues that such matters are not appropriate affirmative defenses and should instead be the subjects of a motion to dismiss. Because Shearson did not file a motion to dismiss, these defenses are properly asserted and preserved in Shearson's Answer. *See* Fed.R.Civ.P. 12(b). Accordingly, on these two defenses, the FDIC's motion is DENIED.

### C. *Affirmative Defense Number Ten*

The FDIC moves to strike Shearson's tenth affirmative defense. That defense alleges that the FDIC in its capacity as assignee of Guaranty Federal's claims cannot recover from Shearson because the banking institution was the alter ego of Co–Defendants Paul Sau–Ki Cheng, Simon Edward Heath, and Pacific Realty Company ["PRC"]. This defense is properly asserted because it is based on nonregulatory actions and offered against FDIC only as assignee of Guaranty Federal's claims. *See Ernst & Young,* 967 F.2d at 170.

### IV. CONCLUSION

For the reasons given above, the FDIC's motion for summary judgment on the issue of Shearson's counterclaim for recoupment is **GRANTED IN PART** and **DENIED IN PART.**

Similarly, the FDIC's motion to strike certain affirmative defenses is **GRANTED IN PART** and **DENIED IN PART,** as detailed above.

SO ORDERED.