586 F.2d 156
 Fred H. HARMSEN et al., Plaintiffs,
v.
C. Arnholt SMITH et al., Defendants.
FEDERAL DEPOSIT INSURANCE CORPORATION, etc., Plaintiff in Intervention,
v.
C. Arnholt SMITH et al., Defendants.
Ernest W. HAHN et al., Third-Party Plaintiffs-Appellants,
v.
UNITED STATES of America, Third-Party Defendant-Appellee.
 No. 76-2006.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 13, 1978.
 
 Donald J. Hoffman, Los Angeles, Cal. (argued), for Ryan.
 Thomas J. Ready, Los Angeles, Cal. (argued), for Hahn.
 Robert E. Noel, Asst. U. S. Atty. (argued), Dept. of Justice, Washington, D. C., for defendants.
 Arthur G. Spence, Los Angeles, Cal. (argued), Michael J. Weaver, San Diego, Cal. (argued), for Kaplan.
 Appeal from the United States District Court for the Southern District of California.
 Before HUFSTEDLER and TANG, Circuit Judges, and TAKASUGI,* District Judge.
 HUFSTEDLER, Circuit Judge:
 
 
 1
 The novel question presented on this appeal is whether directors of a defunct national bank may maintain actions for indemnity against the United States for alleged negligence of the Comptroller of the Currency in conducting bank examinations. We affirm dismissal of the actions for failure to state a claim for relief.
 
 
 2
 Appellants are former directors of the United States National Bank of San Diego ("USNB"). The Comptroller of the Currency declared USNB insolvent on October 18, 1973, and the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver of the bank. After the bank's demise, a number of USNB shareholders filed class actions against the directors of the corporation alleging various breaches of the directors' fiduciary duties. These lawsuits were consolidated into a single action in which the FDIC, as the bank's receiver, intervened and filed a complaint against the directors. The directors thereafter filed third-party complaints against the United States, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2674 Et seq., seeking indemnity for any liability they may have incurred.
 
 
 3
 The directors' complaints averred that the Comptroller of the Currency ("Comptroller") was negligent in performing bank examinations, in supervising employees who performed the examinations, and in failing to discover illegal or unsound banking practices of USNB. In dismissing the third-party complaints, the district court held that the Comptroller owed no duty to the bank or its shareholders for breach of which a negligence action would lie. The court also held that liability was foreclosed even if the Comptroller had assumed such a duty because the directors' negligence was of the same character as the claimed negligence of the Comptroller and because the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a), prevented an action based upon the Act.
 
 
 4
 The directors cannot state a claim for equitable indemnity against the United States unless the Comptroller owed a duty to USNB's shareholders, the original plaintiffs in this action.[1] The directors argue that the Comptroller owed the shareholders a duty of care because (1) a duty in favor of the shareholders should be implied from the statutory obligation imposed upon the Comptroller to conduct bank examinations under 12 U.S.C. § 481,[2] and (2) the Comptroller assumed a duty of care by his actions in giving copies of bank examinations to the bank. We reject both contentions.
 
 
 5
 Nothing in the language of section 481 purports to impose any duty on the Comptroller to protect shareholders. Nothing in the statutory scheme suggests that any such duty should be implied. Federal examination of national banks was designed to provide the Comptroller with information necessary to perform his regulatory function. Although bank examinations may reveal irregularities and even fraud, which discoveries may redound to the benefit of innocent persons, including stockholders, that result is merely an incidental benefit to the examined banks. We agree with every other court that has considered the issue that the federal scheme of bank regulation creates no duty from the Comptroller to shareholders and directors of national banks. (In re Franklin National Bank Securities Litigation (E.D.N.Y.1978) 445 F.Supp. 723, 731; Social Security Administration Baltimore Federal Credit Union v. United States (D.Md.1956) 138 F.Supp. 639, 646. See also Kaufman v. Evans, Civ.No. 127-71 (D.N.J. July 21, 1977).)
 
 
 6
 Appellants cannot take any comfort from Dicta in Easton v. Iowa (1903) 188 U.S. 220, 230, 23 S.Ct. 288, 47 L.Ed. 452; Deitrick v. Greaney (1940) 309 U.S. 190, 194, 60 S.Ct. 180, 84 L.Ed. 694; Deitrick v. Standard Surety & Casualty Co. (1938) 303 U.S. 471, 480, 58 S.Ct. 696, 82 L.Ed. 962, stating that, among the purposes of federal banking regulations, was the protection of the banks' depositors and other creditors. The Supreme Court's comments on legislative purpose contained no suggestion that Congress intended to implement that purpose by creating or permitting private actions against the Comptroller for a failure to perform or carelessly performing his statutory duties. Moreover, from the fact of congressional intent to protect creditors and depositors of national banks, no inference arises of any congressional intent to protect stockholders and directors of national banks. (Cf. Social Security Administration Baltimore Federal Credit Union v. United States, supra, 138 F.Supp. 639.)[3]
 
 
 7
 Appellants' reliance upon Indian Towing Co. v. United States (1955) 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48, is also misplaced. In Indian Towing, the Supreme Court held that, although the Coast Guard was not obligated to establish a certain lighthouse, "once it exercised its discretion to operate a light . . . and engendered reliance on the guidance afforded by the light, it was obligated to use due care to make certain that the light was kept in good working order." (350 U.S. at 69, 76 S.Ct. at 126.) The Comptroller of Currency is statutorily obligated to undertake bank examinations. In his conduct of those examinations, the Comptroller's function bears no resemblance to the Coast Guard's assumed obligations in lighthouse keeping. Bank examinations were designed by Congress to afford guidance to the Comptroller in exercising his regulatory functions. Bank examinations are not beacons to light the path of erring directors or gulled stockholders. (See, e. g., Social Security Administration Baltimore Federal Credit Union v. United States, supra, 138 F.Supp. at 648; In re Franklin National Bank Securities Litigation, supra, 445 F.Supp. at 732.)
 
 
 8
 We assume, Arguendo, that a case could arise in which the Comptroller so far participated in the management of a bank that his conduct could create a duty to the stockholders. This is not such a case. All that the Comptroller did was to perform his statutory duty of examination. In performing those statutory tasks, the Comptroller assumes no special relationship to the stockholders or to the directors who claim reliance on the results of the examinations.
 
 
 9
 Because we hold that the district court correctly decided that the Comptroller owed no duty to the stockholders or to the directors of USNB, it is unnecessary for us to reach the district court's alternative holdings concerning the law of equitable indemnity and the applicability of the discretionary exception to the Federal Tort Claims Act.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Robert M. Takasugi, United States District Judge, Central District of California, sitting by designation
 
 
 [1]
 Applying the California law of equitable indemnity, the district court held that the directors must show: (1) the existence of a duty running to the original plaintiff, and (2) that the negligence of the original defendant was of a different character than that of the party from whom indemnity was sought. (People ex rel. Department of Public Works v. Daly City Scavenger Co. (1971) 19 Cal.App.3d 277, 96 Cal.Rptr. 669; Alisal Sanitary District v. Kennedy (1960) 180 Cal.App.2d 69, 4 Cal.Rptr. 379.) While the appellants dispute the necessity of meeting the second requirement, we need not decide whether the district court properly applied it for it is clear that appellants' allegations do not satisfy the first requirement
 
 
 [2]
 Title 12, U.S.Code, § 481, provides in pertinent part: "The Comptroller of the Currency, with the approval of the Secretary of the Treasury, shall appoint examiners who shall examine every national bank twice in each calendar year, but the Comptroller, in the exercise of his discretion, may waive one such examination or cause such examinations to be made more frequently if considered necessary. The waiver of one such examination as above provided shall not be exercised more frequently than once during any two-year period. The examiner making the examination of any national bank shall have power to make a thorough examination of all the affairs of the bank and in doing so he shall have power to administer oaths and to examine any of the officers and agents thereof under oath and shall make a full and detailed report of the condition of said bank to the Comptroller of the Currency."
 
 
 [3]
 Shareholder rights of action have been implied from other federal banking statutes that were specifically intended to benefit shareholders. (E. g., Harmsen v. Smith (9th Cir. 1976) 542 F.2d 496 (National Banking Act § 93 permits shareholder cause of action against directors for knowing violations of certain federal regulations).) An illustration of a statute which created a statutory duty that "ran directly to the depositors" is the Illinois statute discussed in Tcherepnin v. Franz (M.D.Ill.1975) 393 F.Supp. 1197