**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**Barbara CARLSON, Paul S. Dorweiler, Roxann G. Dorweiler, Darrell C. Johnson and Lester Summer, Defendants.**

Civ. No. 6-88-157.

United States District Court,
D. Minnesota,
Sixth Division.

Oct. 31, 1988.

Brian E. Palmer, Linda M. Freyer, Thomas O. Kelly, III, Dorsey & Whitney, Minneapolis, Minn., for plaintiff.

Richard G. Mark, Charles B. Rogers, Lauren Lonergan, Briggs & Morgan, Minneapolis, Minn., for defendants Barbara Carlson, Paul S. Dorweiler and Roxann G. Dorweiler.

## ORDER

DEVITT, District Judge.

Currently pending is the plaintiff's motion to strike the defendant's affirmative defense of contributory negligence and the statute of limitations. Based on the submitted memoranda and oral argument of counsel, the court finds as follows:

### Background

This action brought by the FDIC alleges that the former officers and directors of The Chokio State Bank were negligent in the performance of their duties. The Chokio State Bank was closed in 1986 and the FDIC was appointed as receiver. As receiver, the FDIC sold the Bank's claims against its officers and directors to the FDIC in its corporate capacity. It is in this corporate capacity that the current suit is brought.

### Discussion

While motions to strike are not generally favored in the law, they are properly granted when a defense is insufficient as a matter of law. *Fabrica Italiana Lavorazione v. Kaiser Aluminum*, 684 F.2d 776 (11th Cir.1982). Each of the contested defenses

must be examined with a view toward determining whether they may be asserted in this case as a matter of law.

### A. Contributory Negligence

The defendants allege in their answer contributory negligence on the part of the FDIC. As explained in the defendants' responsive memorandum, the essence of their claim is that the FDIC as receiver of the Bank failed to maximize the recovery available on a number of bad loans after the Bank's failure. They claim that the FDIC cannot equitably be allowed to recover for any negligence of the Bank's directors without some consideration of the FDIC's potential negligence for the losses on the failed loans.

The plaintiff asserts that, as a matter of law, this defense cannot be maintained. In support of its argument, plaintiff cites a line of cases which hold that the FDIC has no duty to warn banks of improprieties its examinations reveal in order to protect the bank from losses. *See e.g., First State Bank of Hudson County v. United States,* 599 F.2d 558 (3rd Cir.1979); *Harmsen v. Smith,* 586 F.2d 156 (9th Cir.1978); *Federal Deposit Insurance Corporation v. Butcher,* 660 F.Supp. 1274 (E.D.Tenn.1987); *Federal Deposit Insurance Corporation v. Williams,* 599 F.Supp. 1184 (D.Md.1984). The reasoning behind these decisions is that the FDIC's purpose is to stabilize the banking industry and promote public confidence in banks and that, therefore, its duty is to the general public not individual banks, directors or officers.

The plaintiff cites one decision in which the reasoning of these cases has been adopted to hold specifically that the actions of the FSLIC (the sister agency to the FDIC) after appointment as a receiver cannot be asserted by former directors as an affirmative defense. *Federal Savings and Loan Corp. v. Roy,* Civ. No. JFM–87–1227 (D.Md. June 28, 1988) [available on WESTLAW, 1988 WL 96570]. In *Roy* the court points to the importance of the public policy goal of a stable banking system which the FSLIC and FDIC promote and finds that the importance of this goal justifies

preclusion of a contributory negligence defense against the FSLIC.

At oral argument, defendants urged the court not to follow *Roy* and suggested that recent changes in the interpretation of the Federal Tort Claims Act (FTCA) and the "discretionary function" exception to the broad waiver of immunity contained in the Act would allow them to claim contributory negligence of the FDIC in their defense. Essentially, defendants argue that because recent Supreme Court authority, namely *Berkovitz by Berkovitz v. United States,* — U.S. —, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988), narrows the parameters of the discretionary function exception and allow FTCA suits for governmental activity which is "operational" as opposed to a "permissible exercise of policy judgment," they have a proper defense. Defendants argue that the FDIC's actions with respect to collection efforts on bad loans were operational and are actionable under the FTCA.

■ This argument has a critical flaw: the FTCA creates only a procedural mechanism and does not itself provide an independent basis for recovery. See generally, 28 U.S.C. § 1346 *et seq.* Defendants must establish that the FDIC as receiver owed a duty to the officers to collect bad loans without negligence. The authority cited by plaintiff, and even that cited by defendants, specifically holds that the statutory authority under which the FDIC acts creates no duty of care toward bank officers and directors.

The court finds that the reasoning of *Roy* is sound notwithstanding defendants' arguments to the contrary. The defense of contributory negligence is ordered DISMISSED.

### B. Statute of Limitations

The plaintiff argues that the statute of limitations defense asserted by defendants cannot be sustained as a matter of law. Plaintiff argues and defendants agree that the applicable statute is 28 U.S.C. § 2415 which provides a three year limitation on tort claims and a six year limitation on contract claims.

Plaintiff argues that these three and six year periods began to run when the FDIC acquired the Bank's causes of action rather than when the action accrued under state law. *Federal Deposit Insurance Corporation v. Buttram,* 590 F.Supp. 251, 254 (N.D.Ala.1984); *Federal Deposit Insurance Corp. v. Marco Discount House, Inc.,* 575 F.Supp. 730, 732 (D.P.R.1983). Defendants argue that the statute began to run when the claim first could have been sued upon. However, the authority cited in support of this argument does not discuss 28 U.S.C. § 2415 in the context of FDIC receivership of failed banks and is, therefore, inapposite. The authority cited by plaintiff deals specifically with § 2415 in the context of FDIC acquisition of claims and should be followed. Since the instant suit was brought within three years of the acquisition of the Bank's claims, the federal statute of limitations does not provide a defense.

■ Both parties agree, however, that the FDIC as assignee of the Bank's claims can only assert claims which were viable on the date of acquisition. In other words, the FDIC cannot assert claims for which the state statute of limitations had run before their acquisition. Defendants argue that many of the purported claims were extinguished by state limitations periods before they had been acquired by the FDIC. The plaintiff argues that none of the claims should be considered extinguished. Rather, argues plaintiff, the court should invoke a tolling principle known as "adverse domination." Under this principle the applicable limitations period is tolled as long as the officers and directors against whom the claims are brought controlled the bank. The principle has been neither accepted nor rejected in Minnesota but is widely accepted in other states. *Federal Deposit Ins. Corp. v. Berry,* 659 F.Supp. 1475, 1486 (E.D.Tenn.1987); *Federal Deposit Ins. Corp. v. Dempster,* 637 F.Supp. 362, 368 (E.D.Tenn.1986); *Williams,* 599 F.Supp. at 1199, *Buttram,* 590 F.Supp. at 254. The underlying rationale for the principle is a belief that while in control of a bank, the directors and officers can effectively disguise any wrongdoing.

The court finds the reasoning of these recent cases persuasive and grants the motion to dismiss the statute of limitations defense with respect to each defendant except Roxann G. Dorweiler. Ms. Dorweiler resigned as director of the Bank on or about February 1, 1983; thus it is possible that her control of the bank may have ended long enough before the filing of this suit to provide her a statute of limitations defense. The issue of her control of the Bank and when it ended raises factual questions which should not be decided at this stage.

Accordingly, IT IS ORDERED THAT:

1. Barbara Carlson, Paul S. Dorweiler and Roxann Dorweiler's affirmative defenses of contributory negligence be STRICKEN; and

2. Barbara Carlson and Paul S. Dorweiler's statute of limitations defenses be STRICKEN.