**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**Russell GREENWOOD, et al., Defendants.**

No. 87–3266.

United States District Court, C.D. Illinois, Springfield Division.

Feb. 24, 1989.

Cheryl Ragel Stickel, Mohan, Alewelt & Prillaman, Springfield, Ill., Richard G. Smolev, Sachnoff, Weaver & Rubenstein, Ltd.,

Chicago, Ill., Marilyn E. Anderson, Federal Deposit Ins. Corp., Washington, D.C., for Federal Deposit Ins. Corp.

Charles E. Holt, Graham & Graham, Springfield, Ill., Louis C. Roberts, Christopher J. Graham, Raymond J. Jast, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for Russell Greenwood, J. Ellis Hicks, John L. Spinner, Myrel L. Whitmyer and William A. Young.

Kelly D. Long, Hillsboro, Ill., for William Young.

Alan Pretnar, Taylor Springs, Ill., for Russell Greenwood.

Dave Duez, Bruce H. Schoumacher, McDermott, Will & Emery, Chicago, Ill., for John Spinner & Myrel L. Whitmyer.

## ORDER

RICHARD MILLS, District Judge:

This cause is before the Court on a motion in limine filed on behalf of Plaintiff, Federal Deposit Insurance Corporation (FDIC). Also before the Court is a matter styled "Memorandum of Defendants on Propriety of Expert Testimony."

### I—Motion in Limine

Plaintiff, in its motion in limine, requests that this Court exclude any evidence purporting to diminish the FDIC's right of recovery by virtue of decisions made by it in connection with the collection of the assets of the Coffeen National Bank. In support of its motion, Plaintiff cites *Federal Savings & Loan Insurance Corp. v. Roy* (D.Md. June 28, 1988) (available on Westlaw, 1988 WL 96570). That case involved an action by the FSLIC against former officers and directors of a failed Maryland savings and loan. The FSLIC alleged that the defendants were negligent in approving and recommending 27 commercial loans. The loans allegedly resulted in losses totaling more than $40 million.

The defendants attempted to assert the affirmative defenses of contributory negligence and assumption of risk. They asserted that if the FSLIC's own negligence caused or contributed to its losses, its claims would be barred or reduced. The court recognized that the defendants' position would have merit in an ordinary tort case but held that the case before it was not an ordinary tort case but instead arose within a special context invoking special considerations of public policy. The court stated that the FSLIC had been created to preserve the integrity of the national banking system by providing an insurance fund to cover the deposits of failed institutions. The FSLIC owed no duty to the institutions or their officers and directors. Rather, the court stated, the public is the intended beneficiary of the FSLIC. It would be contrary to sound public policy to have the public bear the risk of errors of judgment by officials of the FSLIC. Thus, the court found that FSLIC's alleged negligence was immaterial to the issues of the case.

Defendants, in their response to the motion in limine, assert that they intend to introduce evidence that as to certain loans there existed sources of repayment, and thus FDIC incurred no loss. Defendants assert that FDIC was on notice that there would be a source of repayment for certain loans but that FDIC sold the loans as part of a bulk sale. Thus, Defendants argue, because Plaintiff may have been able to collect on these loans, there was no loss attributable to Defendants.

The Court agrees with the position taken by the district court in *Roy*. Public policy concerns mandate a finding that the duty of FDIC to collect on assets of a failed institution runs to the public and not to the former officers and directors of the failed institution. Thus, the decision of the FDIC that it would be more cost effective to sell certain loans as part of a bulk sale rather than incur the considerable expense involved in collecting certain assets cannot be the basis of reduction of FDIC's claims.

*Federal Deposit Insurance Corp. v. Carlson*, 698 F.Supp. 178 (D.Minn.1988), is in accord with this holding. In that case, the FDIC alleged that the former officers and directors of the Chokio State Bank were negligent in the performance of their duties. The Chokio State Bank was closed in 1986 and FDIC was appointed as receiver. As receiver, FDIC sold the claims

against the former officers and directors to FDIC in its corporate capacity. FDIC in its corporate capacity then brought suit against the former officers and directors.

The defendants attempted to assert the affirmative defense of contributory negligence claiming that the FDIC as receiver had failed to maximize the recovery available on a number of bad loans after the bank's failure. The court cited *Roy* with approval and found that FDIC as receiver owed no duty to the officers and directors to collect bad loans without negligence. In addition, the court cited a long line of cases holding that FDIC has no duty to warn banks of improprieties its examinations reveal in order to protect the bank from losses. *See, e.g., First State Bank of Hudson County v. United States,* 599 F.2d 558 (3d Cir.1979); *Harmsen v. Smith,* 586 F.2d 156 (9th Cir.1978); *Federal Deposit Insurance Corp. v. Butcher,* 660 F.Supp. 1274 (E.D.Tenn.1987); *Federal Savings and Loan Insurance Corp. v. Williams,* 599 F.Supp. 1184 (D.Md.1984).

Evidence purporting to diminish the FDIC's right of recovery by virtue of decisions made by it in connection with the collection of the assets of the Coffeen National Bank is immaterial to the issues in the case at bar. Thus, Plaintiff's motion in limine will be allowed.

II—Propriety of Expert Testimony

Also before the Court is a matter styled "Memorandum of Defendants on Propriety of Expert Testimony." Defendants seek to limit the use of expert testimony by Plaintiff for several reasons. First, Defendants allege that the loan transactions in issue are not complicated, that the average juror would have no difficulty understanding the issues, and that expert testimony will be unduly prejudicial.

■ "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed.R.Evid. 702. The Court finds that expert testimony will assist the trier of fact

to understand the evidence or determine facts in issue. Thus, expert testimony is proper.

Second, Defendants cite *Panter v. Marshall Field & Co.,* 646 F.2d 271 (7th Cir. 1981), *cert. denied,* 454 U.S. 1092, 102 S.Ct. 658, 70 L.Ed.2d 631 (1981), for the proposition that the Seventh Circuit has indicated that expert testimony on the standard of conduct expected of directors should not be permitted. The Court, however, does not agree with Defendants' characterization of *Panter.* The *Panter* court simply stated that an expert may not usurp the court's function of determining the appropriate legal standard to apply in judging a defendant's conduct. The parties may be assured that no one will be allowed to usurp the Court's function.

Finally, Defendants assert that Plaintiff's proposed expert witness is not qualified to testify as an expert and that the evidence does not support the Plaintiff's proposed hypothetical questions to its expert. Obviously, it would be premature for the Court to rule on these issues.

*Ergo,* for the reasons discussed above, the motion in limine filed on behalf of Plaintiff, Federal Deposit Insurance Corporation, is ALLOWED. Treating Defendants' memorandum of law on the propriety of expert testimony as a motion in limine, the motion is DENIED.