RESOLUTION TRUST CORPORATION, Plaintiff,

v.

Bruce VANDERWEELE; Fred Koppen-hofer; Dr. George B. Plain; Samuel R. Dunnuck, Jr.; James W. Johnson; Les-ter Read; Harold Gantz; Jerald Fahr; John C. Wagner; and Roscoe W. Anderson, Defendants.

No. S92–423M.

United States District Court, N.D. Indiana, South Bend Division.

May 17, 1993.

As Modified on Reconsideration June 16, 1993.

Richard C. Sanders, Peter A. Metters, Detroit, MI, for plaintiff.

Timothy J. Abeska, Jeanine M. Gozdecki, South Bend, IN, Timothy G. Nickels, Kimberly J. Kannensohn, Thomas E. Patterson, Chicago, IL, for Vanderweele, Plain, Dunnick, Read and Gantz.

David P. Taylor, South Bend, IN, for Koppenhofer.

Richard D. Wagner, Indianapolis, IN, for Johnson.

Joseph T. Helling, Granger, IN, for Wagner.

Fred R. Hains, South Bend, IN, for Anderson.

Jerald Fahr, pro se.

## MEMORANDUM AND ORDER

MILLER, District Judge.

Plaintiff Resolution Trust Corp ("RTC") brings this suit against the former directors of the Pioneer Savings and Loan Association ("Pioneer"). The RTC alleges claims for negligence (Count I), gross negligence (Count II), breach of fiduciary duty (Count III), and breach of an implied contract

(Count IV). Several motions related to the pleadings pend. The defendants have moved to dismiss the plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim,[1] and RTC has moved to strike defendant James Johnson's asserted affirmative defenses pursuant to Fed.R.Civ.P. 12(f). For the following reasons, the court grants the defendants' motion in part as to Counts I, III, and IV of the plaintiff's complaint, and grants the plaintiff's motion in part and orders stricken the entirety of Mr. Johnson's seventh defense and portions of his sixth and ninth defenses.

## I. *Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. The complaint's factual allegations will be taken as true and viewed in the light most favorable to the plaintiff when challenged by a motion to dismiss. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Dismissal is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In Counts I, II, and III, the RTC seeks damages against the defendants for negligence, gross negligence, and breach of fiduciary duty. Resolution of the defendants' motion as to the first three counts of the RTC's complaint turns on the preemptive effect of 12 U.S.C. § 1821(k) of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). Section 1821(k) provides in relevant part:

A director or officer of an insured depository institution may be held personally liable for monetary damages in any civil action by, on behalf of, or at the request or direction of the Corporation, which action is prosecuted wholly or partially for the benefit of the corporation ... for gross negligence, including any similar conduct or conduct that demonstrates a greater disregard of a duty of care (than gross negligence), including intentional tortious conduct as such terms are defined and determined under applicable state law. Nothing in this paragraph shall impair or affect any right of the Corporation under other applicable law.

12 U.S.C. § 1821(k).[2]

■ The defendants initially contend that the RTC's claims for negligence, gross negligence, and breach of fiduciary duty should be dismissed because IND.CODE 23–1–35–1(e) protects directors of corporations that transact business in Indiana from liability for either negligence or gross negligence. The gross negligence standard established by § 1821(k) preempts state laws, such as IND. CODE 23–1–35–1(e) which require willful or wanton conduct for liability to attach to corporate directors. *See FDIC v. McSweeney,* 976 F.2d 532, 538 (9th Cir.1992); *FDIC v. Canfield,* 967 F.2d 443, 445 (10th Cir.1992); *Resolution Trust v. Gallagher,* 800 F.Supp. 595 (N.D.Ill.1992). Accordingly, IND.CODE 23–1–35–1(e) affords the defendants no protection in this case.

The defendants next argue that if § 1821(k) applies to this case, the RTC's negligence and breach of fiduciary duty claims nevertheless must be dismissed because § 1821(k) only authorizes suits for gross negligence (or more culpable conduct), and does not preserve any state or federal common law cause of action for negligence or breach of fiduciary duty. The RTC counters that the statute preempts only those state laws that require a higher degree of culpability than gross negligence, but that the last sentence of the statute acts as a "savings clause" that preserves any preexisting state

---

**1.** Defendants Bruce VanDerWeele, George Plain, Samuel Dunnuck, Lester Read, and Harold Gantz initially filed their motion to dismiss on February 1. Defendant James Johnson joined the motion and all supporting memoranda on April 1; defendant Roscoe Anderson orally joined in the motion during the preliminary pretrial conference held on April 13; and defendant Gerald Fahr joined by written motion filed April 13.

**2.** Section 1821(k) is made applicable to claims brought by the RTC in its corporate capacity by virtue of 12 U.S.C. § 1441a(b)(4)(A).

and federal common law imposing liability for conduct less culpable than gross negligence.

Because Indiana law does not afford the RTC the right to proceed with a negligence action, the precise issue in this case is whether § 1821(k) precludes the RTC from proceeding under federal common law predating FIRREA, under which courts held financial institution directors to the classic formulation of a negligence standard of care: that degree of care "which ordinarily prudent and diligent men would exercise under similar circumstances." *Briggs v. Spaulding,* 141 U.S. 132, 11 S.Ct. 924, 35 L.Ed. 662 (1891); *see also FDIC v. Stanley,* 770 F.Supp. 1281, 1310 (N.D.Ind.1991).

■ Courts have disagreed as to whether § 1821(k) precludes director liability for conduct less culpable than gross negligence. Some courts have held that § 1821(k) preempts neither state nor federal common law claims for negligence. *See, e.g., FDIC v. McSweeney,* 976 F.2d at 538; *FDIC v. Nihiser,* 799 F.Supp. 904 (C.D.Ill.1992) (collecting cases). Some courts, including two district courts in this circuit, have taken a middle ground, finding that § 1821(k) precluded federal common law causes of action but not state law causes of action. *See RTC v. Gallagher,* 800 F.Supp. 595 (N.D.Ill.1992); *FDIC v. Miller,* 781 F.Supp. 1271 (N.D.Ill. 1991). Finally, at least one court has held that § 1821(k) establishes a federal standard of liability precluding suits against directors for less egregious conduct than gross negligence under either state or federal law. *FDIC v. Swager,* 773 F.Supp. 1244 (D.Minn. 1991).

This court agrees with those courts that have taken the middle ground: § 1821(k) does not preclude state law actions based on negligence or other conduct less culpable than gross negligence, but establishes a mini-

mum level of culpability necessary to impose liability under federal law. *See RTC v. Gallagher,* 800 F.Supp. at 601, and *FDIC v. Miller,* 781 F.Supp. 1271.

In determining a statute's effect on previously existing federal common law, the court starts "with the assumption that it is for Congress, not federal courts, to articulate the appropriate standards to be applied as a matter of federal law." *City of Milwaukee v. Illinois and Michigan,* 451 U.S. 304, 101 S.Ct. 1784, 68 L.Ed.2d 114 (1981). Congress now has expressly defined the magnitude of negligence that would give rise to a federal cause of action against officers and directors of federally insured financial institutions and thus has eliminated the need for judicial lawmaking. *FDIC v. Miller,* 781 F.Supp. at 1275. Interpretation of the last sentence of § 1821(k) to preserve a federal common law cause of action for simple negligence would render meaningless the main body of the provision requiring "gross negligence", since a federal negligence standard would already exist. *FDIC v. Miller,* 781 F.Supp. at 1276.[3]

Because § 1821(k) expressly allows the RTC to bring suit against directors for gross negligence, the RTC may proceed with its gross negligence claim. On the other hand, because neither Indiana law nor federal law as embodied in § 1821(k) allows actions for simple negligence against S & L directors, the RTC may not maintain its simple negligence claim.

■ As presently formulated, the RTC's breach of fiduciary duty claim also fails to state a claim under either state or federal law because the claim amounts to nothing more than a reformulation of the negligence claim. The RTC alleges in its complaint that the defendants breached their fiduciary duty of care, without specifying a level of culpability. Both Indiana and federal common law

---

**3.** Moreover, this interpretation is supported by the plain language of 12 U.S.C. § 1441a(b)(4)(A), which makes § 1821(k) applicable to actions brought by the RTC. This section grants the RTC the same powers and rights with respect to savings and loans as the Federal Deposit Insurance Corporation has under 12 U.S.C. §§ 1821, 1822, and 1823. That Congress expressly limited the RTC's powers to those afforded to the FDIC by statute suggests that no common law cause of

action exists in favor of the RTC. Had Congress intended to preserve powers afforded to the FDIC under common law, or to provide the RTC with those common law powers, it could have granted the RTC the same powers and rights with respect to savings and loans as the FDIC under "all applicable federal law", or "federal common law" rather than referring specifically to the FDIC's statutory powers.

recognize that a director has a fiduciary duty to act with the care an ordinarily prudent person in a like position would exercise under similar circumstances—the classic formulation of a negligence standard of care. *See* IND.CODE 23–1–35–1(a)(2); *FDIC v. Stanley,* 770 F.Supp. at 1310 (citing *Briggs v. Spaulding,* 141 U.S. 132, 11 S.Ct. 924, 35 L.Ed. 662 (1891)). An allegation that the defendants breached a fiduciary duty of care defined by a negligence standard is not sufficient to state a claim because neither state nor federal law recognizes a cause of action for mere negligence.[4] Accordingly, the RTC's simple negligence and breach of fiduciary duty claims (Counts I and III) should be dismissed.

■ The RTC alleges in Count IV of the complaint that the defendants have breached an implied contract to discharge their duties as directors faithfully, properly, and with due care. The court agrees with other courts that have held that such a claim merely restates the RTC's breach of fiduciary duty claims, and does not state a claim sounding in contract. *See RTC v. Gallagher,* 800 F.Supp. at 603; *FDIC v. Greenwood,* 739 F.Supp. 450, 452–53 (C.D.Ill.1989); *FDIC v. Haddad,* 778 F.Supp. 1559 (S.D.Fla.1991); *FDIC v. McAtee,* No. 87–2459–0, 1988 WL 248044 (D.Kan. Oct. 5, 1988). The defendants' oath to act honestly, diligently, and with a reasonable degree of skill creates no contractual obligation. Accordingly, Count IV of the complaint should be dismissed.

### II. *Motion to Strike*

The RTC moves to strike certain affirmative defenses asserted by defendant James Johnson as insufficient as a matter of law. Federal Rule of Civil Procedure 12(f) provides that the court may order stricken from any pleading any insufficient defense. A motion to strike is not a favored motion, as it proposes a drastic remedy. A motion to strike should not be granted when the

sufficiency of the defense depends upon disputed issues of fact or unclear questions of law. Nonetheless, a motion to strike insufficient defenses serves a useful purpose by eliminating insufficient defenses and saving the time and expense that otherwise would be spent litigating issues that will not affect the outcome of the case. The court should strike defenses which cannot succeed under any set of circumstances: however, where there is any question of fact or any substantial question of law, the court should refrain from acting until some later time when these issues can be more appropriately dealt with.

*United States v. Walerko Tool and Engineering Corp.,* 784 F.Supp. 1385, 1387–1388 (N.D.Ind.1992) (citations omitted).

The defenses challenged by the RTC read as follows:

#### Second Defense

Plaintiff is barred by laches from recovering under its complaint.

#### Third Defense

The alleged damages caused by Plaintiff's claims were caused by the acts, omissions and negligence of other parties and/or nonparties to the plaintiff's complaint, including without limitation, the Marshall County Savings and Loan Association, the Peoples Federal Savings and Loan Association, and the Industrial Savings and Loan Association.

#### Sixth Defense

The plaintiff cannot recover against this Defendant and plaintiff's claims are barred because of the acts, failures to act and contributory negligence of federal and state banking regulators.

---

**4.** That the RTC may not maintain a cause of action for a mere breach of a director's common law fiduciary duty does not mean that such a duty does not exist. Leading state law authority recognizes a director's fiduciary duty to include the duty to act with diligence and due care (seemingly setting out a simple negligence stan-

dard), but nevertheless, through the application of the business judgment rule, limits liability for a director's failure to exercise due care to acts or omissions which constitute gross negligence or intentional conduct. *See FDIC v. Mintz,* 816 F.Supp. 1541 (S.D.Fla.1993); *Smith v. Van Gorkom,* 488 A.2d 858 (Del.1985).

### Seventh Defense

Plaintiff cannot recover against this Defendant because Defendant acted in accordance with and/or relied on the actions of, inactions of and information from federal and state regulators, officers, fellow directors, managers and professionals.

### Ninth Defense

Plaintiff is estopped from recovering herein and has waived its claims by, *inter alia*, the acts and omissions of federal regulators and federal agencies.

The RTC contends that these defenses must be stricken to the extent that they fall into either of the following categories: (1) equitable defenses, or (2) defenses that rely on a duty owed by federal regulators to Mr. Johnson. The court addresses each category in turn.

### A. Equitable Defenses

The RTC contends that as an agency of the United States it is not subject to equitable defenses of laches, estoppel, and waiver as alleged by Mr. Johnson in his second and ninth defenses. The court disagrees with the RTC; while these defenses seldom are applicable against the government, they are not foreclosed as a matter of law.

■ With respect to the defense of laches, the Supreme Court used to state that laches was not a defense to a suit brought by the United States. *See, e.g., United States v. Summerlin*, 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940). The Seventh Circuit, however, following dictum of more recent Supreme Court cases, *see, e.g., Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 373, 97 S.Ct. 2447, 2458, 53 L.Ed.2d 402 (1977), has found the doctrine of laches applicable to suits by government agencies, as well as private parties. *NLRB v. P\*I\*E Nationwide, Inc.*, 894 F.2d 887, 894 (7th Cir.1990); *United States v. Lindberg*, 882 F.2d 1158, 1163 (7th Cir.1989); *EEOC v. Vucitech*, 842 F.2d 936, 942 (7th Cir.1988).

The defendants contend that the Seventh Circuit has found laches applicable only in suits brought by the government on behalf of individual claimants, and has not allowed the defense where, as here, a government agency brings an action in furtherance of the public interest in general. Although it is true this circuit has not allowed a laches defense in suits on behalf of the public interest, no Seventh Circuit precedent foreclose a laches defense as a matter of law when the government asserts rights on behalf of the public at large. For instance, most recently in *FDIC v. Knostman*, 966 F.2d 1133, 1139 (7th Cir. 1992), the court found the defense of laches inapplicable based on the facts of that particular case, not based on any absolute bar to the assertion of laches against the government. Because the applicability of laches against the government is determined on a case-by-case basis in this circuit, the court cannot find Mr. Johnson's laches defense inadequate as a matter of law.

■ Neither does the RTC's status as a government agency automatically doom Mr. Johnson's estoppel defense. Although a defendant faces a heavy burden in establishing an estoppel defense in an action brought by the government, the Supreme Court has refused to hold conclusively that estoppel never is a defense against the government. *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 60, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984); *United States v. Walerko Tool*, 784 F.Supp. at 1389. This circuit has recognized that estoppel may lie against the government "in proper circumstances". *United States v. Fox Lake State Bank*, 366 F.2d 962, 965 (7th Cir.1966). Such circumstances exist when the traditional elements of estoppel are present and the governmental action upon which the estoppel claim is based amounts to "affirmative misconduct". *Portmann v. United States*, 674 F.2d 1155, 1167 (7th Cir.1982). Other factors, such as the type of government activity at issue, the reasonableness of the private party's reliance, and the potential danger, posed by estoppel, of undermining important federal interests or risking a severe depletion of the public fisc also may be weighed in the equitable balance. *Portmann v. United States*, 674 F.2d at 1167.

■ The RTC cites cases from other circuits that have stricken estoppel defenses

against the RTC or the FDIC on the ground that estoppel cannot lie against government agencies acting in their sovereign capacity. *See, e.g., FDIC v. Harrison,* 735 F.2d 408 (11th Cir.1984). This circuit, however, has rejected exclusive reliance on the distinction between proprietary and sovereign acts, and has cautioned that any single factor analysis may mask or contradict more basic constitutional, practical, and equitable considerations that should be relevant to determining the availability of estoppel in any particular case. *See Portmann v. United States,* 674 F.2d at 1162–1163. Although a consideration of all relevant factors rarely, if ever, will tip in favor of the private party seeking to estop the government, the limited record before the court does not support a holding that an estoppel defense is completely foreclosed as a matter of law in this particular case.

■■■■■ The RTC further relies on cases where estoppel defenses have been stricken on the ground that the RTC or FDIC has no duty to protect the interests of officers and directors of a failed banking institution. *See FDIC v. Baker,* 739 F.Supp. 1401, 1407 (C.D.Cal.1990). As discussed more fully in the next section, this court agrees that federal regulators have no affirmative duty to protect the bank directors, but the court cannot find that this "no duty" rule forecloses the possibility that estoppel might lie in a case involving particularly egregious governmental misconduct. At this early stage in the case, the court cannot foreclose the possibility, however remote, that the conduct of government officials could be so egregious that the public's interest in insuring the honesty and integrity of its officials outweighs the public interest in protecting the public fisc and requires the application of estoppel against the government. Accordingly, the court cannot find on the pleadings that an estoppel defense is foreclosed as a matter of law.

Similarly, an order striking Mr. Johnson's waiver defense based on the present record would be premature. Notwithstanding courts in other circuits which have stricken waiver defenses in similar cases, *see FDIC v. Baker,* 739 F.Supp. at 1401, this circuit's general reluctance to foreclose the availabili-

ty of equitable defenses as a matter of law in suits against the government suggests that the viability of Mr. Johnson's waiver defense depends on the balance of equities and requires further factual development.

In summary, while this circuit recognizes that private individuals face a considerable burden when asserting equitable defenses against the government, it nevertheless has refused to hold that this burden is insurmountable as a matter of law. Accordingly, an order striking the entirety of Mr. Johnson's second and ninth defenses would be premature.

### B. Breach of Duty

■■■■ The RTC contends that portions of Mr. Johnson's third, sixth, seventh, and ninth defenses are insufficient as a matter of law because those defenses attempt to hold federal banking agencies responsible for the failure of Pioneer Savings and Loan. The court agrees with the RTC that federal regulators had no duty either to Pioneer or its directors, and cannot be held legally responsible for Pioneer's losses.

The examination, regulation, and supervision of banks and thrifts by federal banking agencies is undertaken solely for the purpose of protecting federal deposit insurance funds and not to protect bank management, even though an incidental benefit may inure to bank officers and directors. *First State Bank of Hudson County v. United States,* 599 F.2d 558 (3rd Cir.1979); *Harmsen v. Smith,* 586 F.2d 156 (9th Cir.1978); *FDIC v. Butcher,* 660 F.Supp. 1274 (E.D.Tenn.1987). Courts have found uniformly that the public interest forecloses parties from holding the FDIC or FSLIC liable for any losses caused to a financial institution by federal agency conduct in the regulation and examination of that institution. *See First State Bank of Hudson County v. United States,* 599 F.2d 558; *Harmsen v. Smith,* 586 F.2d 156 (9th Cir.1978); *FDIC v. Butcher,* 660 F.Supp. 1274 (E.D.Tenn.1987). Many courts have found further that this "no duty" rule bars the assertion of affirmative defenses that merely seek to limit the liability of officers and directors. *See RTC v. Youngblood,* 807 F.Supp. 765, 772 (N.D.Ga.1992); *FSLIC v.*

*Shelton,* 789 F.Supp. 1367, 1370 (M.D.La. 1992); *FDIC v. Crosby,* 774 F.Supp. 584, 586 (W.D.Wash.1991); *FDIC v. Baker,* 739 F.Supp. 1401, 1404 (C.D.Cal.1990); *FDIC v. Greenwood,* 719 F.Supp. 749 (C.D.Ill.1989); *FDIC v. Carlson,* 698 F.Supp. 178, 179 (D.Minn.1988); *FSLIC v. Roy,* No. JFM–87–1227, 1988 WL 96570 (D.Md. June 29, 1988).

The court has found no case in which a former director of a failed financial institution has been allowed to assert an affirmative defense of contributory negligence or breach of duty based on pre-receivership regulatory activities. Accordingly, the court finds that to the extent Mr. Johnson's defenses are premised on the negligence of federal regulators prior to Pioneer's receivership, his defenses are insufficient as a matter of law.

Most courts also have found that the RTC's (or its predecessor agencies') duty as a receiver runs to the public and not to the former officers and directors of the failed institution. Because it is in the public interest that the RTC be able to pursue its receivership duties without being subject to criticism by former officers and directors, these courts have stricken affirmative defenses that require inquiry into a receiver's conduct. *See RTC v. Youngblood,* 807 F.Supp. 765; *FDIC v. Greenwood,* 719 F.Supp. at 750; *RTC v. Scaletty,* No. 92–1101–K, 1992 WL 276628 (D.Kan. Sept. 30, 1992); *RTC v. Kerr,* 804 F.Supp. 1091 (W.D.Ark.1992); *RTC v. Greenwood,* 798 F.Supp. 1391 (D.Minn.1992); *FSLIC v. Shelton,* 789 F.Supp. 1367; *FDIC v. Isham,* 782 F.Supp. 524 (D.Colo.1992); *FDIC v. Crosby,* 774 F.Supp. 584; *FDIC v. Stanley,* 770 F.Supp. at 1307; *FDIC v. Stuart,* 761 F.Supp. 31 (W.D.La.1991); *FDIC v. Baker,* 739 F.Supp. 1401; *FSLIC v. Burdette,* 696 F.Supp. 1183 (E.D.Tenn.1988); *FDIC v. Carlson,* 698 F.Supp. 178; *FSLIC v. Roy,* No. JFM–87–1227, 1988 WL 96570.

A minority of courts have allowed affirmative defenses of mitigation or contributory negligence against a federal receiver on the theory that an agency, when acting as a financial institution's receiver, assumes a duty when it engages in purely ministerial acts that are not grounded in social or economic policy, *FDIC v. Carter,* 701 F.Supp. 730, 736 (C.D.Cal.1987); *FDIC v. Cherry*

*Bekaert & Holland,* 742 F.Supp. 612, 614 (M.D.Fla.1990), or on the theory that a receiver's duty to mitigate an institution's losses is not actually a "duty" but merely a limitation on the amount of damages recoverable by the plaintiff. *See FDIC v. Ashley,* 749 F.Supp. 1065 (D.Kan.1990).

The majority view is more persuasive. While the argument that directors should not be held liable for that portion of damages that the RTC (or its predecessors) caused or aggravated by its own conduct has some force in an ordinary tort case, "this is not an ordinary tort case. Rather it is one which arises within a special context, invoking special considerations of public policy." *RTC v. Youngblood,* 807 F.Supp. 765, 773 (N.D.Ga. 1992) (quoting *FSLIC v. Roy,* No. JFM–87–1227, 1988 WL 96570 (D.Md.1988)). As noted by other courts, when officers or directors have breached their duty to the institution they control, one of the proximate results of this breach is that the RTC must assume at least some degree of control over the affairs of the institution. "Nothing could be more paradoxical or contrary to sound policy than to hold that it is the public which must bear the risk of errors of judgment made by its officials in attempting save a failing institution—a risk which would never have been created but for the defendants' wrongdoing in the first instance." *See RTC v. Youngblood,* 807 F.Supp. at 773 (quoting *FSLIC v. Roy,* No. JFM–87–1227, 1988 WL 96570). If there is no wrongdoing by the directors, the directors cannot be held liable, but if wrongdoing is established, the officers or directors should not be allowed to set up as a defense a claim that would permit the detailed examination of the receiver's conduct. *RTC v. Youngblood,* 807 F.Supp. at 772. To the extent that Mr. Johnson attempts to reduce his liability by claiming that federal regulators contributed or caused the financial losses suffered by Pioneer, his defenses are insufficient as a matter of law and should be stricken.

Applying the foregoing principles to the specific defenses asserted by Mr. Johnson, the court finds that portions of Mr. Johnson's sixth, seventh, and ninth defenses should be stricken. However, the court cannot find

that the "no duty" rule forecloses Mr. Johnson's third or ninth defense.

In his third defense, Mr. Johnson asserts that the damages claimed by the RTC were caused by the acts, omissions, of other parties, or non-parties to the plaintiff's complaint, but does not specifically mention any federal agency. Because the defense does not presently name any government agency as a non-party, the court finds no grounds for striking the third defense at this point.[5]

To the extent Mr. Johnson's sixth defense implicates federal regulators' conduct, it clearly is barred by the "no duty" rule. However, because Mr. Johnson has presented no argument regarding the applicability of his affirmative defenses to state banking regulators, the court will allow the defense to stand as it applies to any state agency.

Mr. Johnson's seventh defense alleges that the plaintiff is barred from recovery due to the defendants' reliance on the "actions of, inactions of, and information from ... federal regulators." To the extent Mr. Johnson claims reliance on any affirmative misconduct of federal regulators, his seventh defense is redundant of the estoppel claim asserted in his ninth defense. *See Portmann v. United States,* 674 F.2d at 1167 (discussing elements of estoppel). To the extent he claims reliance on inaction or conduct less egregious than affirmative misconduct, the "no duty" rule precludes his seventh defense. Accordingly, the court will strike the entirety of Mr. Johnson's seventh defense as it applies to federal regulators.

As previously noted, Mr. Johnson's estoppel and waiver defenses, as stated in his ninth defense, may stand to the extent they are premised on acts that constitute affirmative misconduct; however, because federal regulators owed no affirmative duty to either Pioneer or its directors, Mr. Johnson may not claim estoppel or waiver based upon any omission or failure to act by federal regulators. Accordingly, the court will strike the portion of Mr. Johnson's ninth defense which refers to "omissions" of federal regulators and agencies.[6]

### III. *Conclusion*

Based upon the foregoing, the court hereby ORDERS that:

(A) the defendants' motions to dismiss are GRANTED IN PART and DENIED IN PART as follows:

(1) the motion is GRANTED as to Counts I and III, and IV, and these counts are ordered DISMISSED;

(2) the motion is DENIED as to Count II; and

(B) the plaintiff's motion to strike affirmative defenses of James Johnson is GRANTED IN PART and DENIED IN PART as follows:

(1) the motion is granted as to Mr. Johnson's sixth defense by striking the words "federal and" from the sixth defense;

(2) the motion is granted in part as to Mr. Johnson's seventh defense by striking the words "federal and" from the seventh defense;

(3) the motion is granted in part as to Mr. Johnson's ninth defense by striking the words "and omissions" from the ninth defense; and

(4) the motion is denied in all other respects.

SO ORDERED.

---

5. The court notes, however, that contrary to Mr. Johnson's assertion, his third defense would not appear to be authorized by Indiana's Comparative Fault Act. By its terms, the Act only applies to actions "brought to recover damages for injury or death to person or harm to property", not to actions seeking to recover purely economic losses. IND.CODE 34–4–33–1. Nevertheless, because neither party has addressed whether any basis exists apart from the Indiana Comparative Fault Act for the assertion of a non-party defense based on the conduct of non-governmental actors, and it is the RTC's burden to show that the defense is foreclosed under any applicable law, the court refrains from striking the defense based on the inapplicability of Indiana's Comparative Fault Act.

6. Because the court finds the RTC's lack of duty argument persuasive, the court need not address the RTC's alternative arguments that Mr. Johnson's affirmative defenses are barred under the "discretionary function" exemption of the Federal Tort Claims Act, or that the court lacks subject matter jurisdiction over the affirmative defenses pursuant to 12 U.S.C. § 1821(d)(13)(D).

**1392**

## ORDER

Defendant James Johnson has moved the court to reconsider the portion of its May 17 Memorandum and Order striking his Seventh Defense in its entirety. Mr. Johnson contends that the court's reasoning only supports the striking of Mr. Johnson's Seventh Defense which refers to federal regulators, and requests that the court allow his Seventh Defense to remain except for its reference to "federal regulators". The court agrees that modification of its prior order is appropriate.

In his Seventh Defense, Mr. Johnson asserted that the plaintiff was barred from recovery based on Mr. Johnson's reliance on the actions or inactions of and information received from federal and state regulators, officers, fellow directors, managers, and professionals. In its memorandum and order, the court reasoned that the defense should be stricken either because it was redundant of Mr. Johnson's Ninth Defense, which claimed estoppel against the government, or because it was barred by the "no duty" rule that precludes claims against federal regulators. Because the grounds asserted by the court for striking Mr. Johnson's Seventh Defense only apply to federal regulators, the court erred when it ordered the striking of the defense in its entirety.

Accordingly, for the foregoing reasons, the court GRANTS defendant James Johnson's motion to reconsider and hereby MODIFIES its May 17 Memorandum and Order as follows:

SO ORDERED.