**FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as Manager of the FSLIC Resolution Fund, statutory successor to FSLIC in its corporate capacity, Plaintiff–Appellee,**

v.

**J. William OLDENBURG, Investment Mortgage International, Inc., Empire State West, Landfund, Ltd., James W. Rossetti, Charles H. Burgardt, MGIC Indemnity Corporation, American Casualty Insurance Company of Reading, Defendants,**

**and**

**Martin L. Mandel, Defendant–Appellant.**

Nos. 91–4102, 91–4144.

United States Court of Appeals, Tenth Circuit.

Oct. 18, 1994.

Neil A. Kaplan, of Clyde, Pratt & Snow, Salt Lake City, UT (Martin L. Mandel, pro se on the briefs), for defendant/appellant.

John R. Gall, of Squire, Sanders & Dempsey, Columbus, OH (Herschel J. Saperstein of Watkiss & Saperstein, Salt Lake City, UT, David W. Alexander and Philomena M. Dane, of Squire, Sanders & Dempsey, Columbus, OH, with him on the briefs), for plaintiff/appellees, F.D.I.C.

Before SEYMOUR, Chief Judge, LOGAN, and RONEY,* Circuit Judges.

SEYMOUR, Chief Judge.

The Federal Deposit Insurance Corporation (FDIC) brought suit against certain former officers and directors of State Savings & Loan Association of Salt Lake City, Utah (State Savings) for fraud and negligence in their operation of State Savings. Mr. Mandel, a former director of State Savings, appeals a judgment against him for fraud in connection with State Saving's acquisition of a parcel of real estate in California known as Park Glen. He also appeals the district court's denial of his Fed.R.Civ.P. 60(b) motion to vacate the judgment. After a thorough review of the parties' arguments and the voluminous record, we affirm.

## I.

The parties tried this case to the district court sitting without a jury. The court issued extensive Findings of Fact and Conclusions of Law in February 1991, holding Mr. Mandel liable for fraud in connection with the acquisition of Park Glen. A summary of the facts surrounding State Savings acquisition of Park Glen is set out in a related appeal at *FDIC v. Oldenburg*, 34 F.3d 1529 (10th Cir.1994).

Mr. Mandel first asserts that the proper standard of proof for fraud under state law is clear and convincing evidence, and that the district court erred by applying the preponderance of evidence standard to the FDIC's fraud claim. The FDIC contends that Mr. Mandel did not raise this issue below and that, in any event, federal law governs this suit brought by the FDIC. After reviewing the record, including supplemental materials submitted by the parties, we are convinced that Mr. Mandel did not raise this issue below. The district court clearly stated in its conclusion of law no. 4 that the FDIC must prove fraud by a preponderance of evidence. Mr. Mandel did not propose an alternative standard to the district court, and he did not contest the district court's conclusion once it was issued. To the extent he raised the clear and convincing standard at all, he did so in a separate and distinct context, *i.e.*, his assertion that the FDIC's settlement with a fidelity insurer included its fraud claim against him. Because Mr. Mandel failed to raise the burden of proof issue below, we will not address it on appeal. *Hicks v. Gates Rubber Co.*, 928 F.2d 966, 970 (10th Cir.1991).

Mr. Mandel next claims that the district court erred by refusing to permit him to

---

* The Honorable Paul H. Roney, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

introduce evidence of the post-receivership conduct of the FDIC with respect to Park Glen. The crux of his argument is that the FDIC's negligence and mishandling of assets under its control substantially contributed to the ultimate loss, making the court's finding that State Savings suffered $22,000,000 in damages from fraud and conspiracy clearly erroneous. Mr. Mandel contends that the district court erred in preventing him from introducing evidence of the FDIC's contributory negligence and failure to mitigate damages.

■ We review the district court's evidentiary rulings for abuse of discretion. *Durtsche v. American Colloid Co.,* 958 F.2d 1007, 1011 (10th Cir.1992). There is some debate over whether the officers and directors of a failed financial institution can assert the affirmative defenses of contributory negligence and mitigation of damages against the FDIC. *See FDIC v. Bierman,* 2 F.3d 1424, 1438 (7th Cir.1993) (noting the issue "has been a contentious matter for some time"); *Resolution Trust Corp. v. Vanderweele,* 833 F.Supp. 1383, 1390 (N.D.Ind. 1993) (listing district court cases on both sides of issue). Nevertheless, the clear majority rule is that these defenses are not available. *See FDIC v. Mijalis,* 15 F.3d 1314, 1323 (5th Cir.1994); *Vanderweele,* 833 F.Supp. at 1390 (citing *Resolution Trust Corp. v. Youngblood,* 807 F.Supp. 765 (N.D.Ga.1992)); *Resolution Trust Corp. v. Scaletty,* 810 F.Supp. 1505, 1516–18 (D.Kan. 1992); *Resolution Trust Corp. v. Kerr,* 804 F.Supp. 1091, 1100 (W.D.Ark.1992); *Resolution Trust Corp. v. Greenwood,* 798 F.Supp. 1391, 1397 (D.Minn.1992); *FSLIC v. Shelton,* 789 F.Supp. 1367, 1369–70 (M.D.La.1992); *FDIC v. Isham,* 782 F.Supp. 524, 530–32 (D.Colo.1992); *FDIC v. Crosby,* 774 F.Supp. 584, 587 (W.D.Wash.1991); *FDIC v. Stuart,* 761 F.Supp. 31, 32 (W.D.La.1991); *FDIC v. Baker,* 739 F.Supp. 1401, 1407 (C.D.Cal. 1990); *FDIC v. Greenwood,* 719 F.Supp. 749, 751 (C.D.Ill.1989); *FDIC v. Carlson,* 698 F.Supp. 178, 179 (D.Minn.1988); *FSLIC v. Burdette,* 696 F.Supp. 1183, 1189–90 (E.D.Tenn.1988).

The two circuit courts which have directly addressed this issue have held that when the FDIC, in its corporate capacity, sues the former officers and directors of a failed bank to recover losses sustained by the bank, it is not subject to the affirmative defenses of mitigation of damages, *see Mijalis,* 15 F.3d at 1324; *Bierman,* 2 F.3d at 1441, and contributory negligence. *See id.* In *Bierman,* the court recognized that special public policy considerations distinguish banking cases from ordinary tort cases where these affirmative defenses are normally available. 2 F.3d at 1438–39. The FDIC owes no duty to the failed financial institution or to the wrongdoers who contributed to its failure, but rather to the public at large. *Id.* "Therefore, when the FDIC acts to replenish the [banking] insurance fund through the disposition of assets of the failed bank, including the right of action against the officers and directors, it has no duty first to attempt to mitigate the damages attributed to those individuals by seeking other, and perhaps less sure, avenues of relief." *Id.* at 1439–40. The court also based its holding, in part, on the conclusion that "excepting the FDIC from such affirmative defenses is consonant with the discretionary function exception to the [Federal Tort Claims Act, 28 U.S.C. § 2671]." *Id.* at 1441. The court in *Mijalis* acknowledged that the "great majority of the district courts is in accord with the conclusion reached by the *Bierman* court," and, applying the *Bierman* analysis, rejected the mitigation of damages defense. *Mijalis,* 15 F.3d at 1323–24.

We believe the analysis of this issue, as expressed in *Bierman* and other cases, is sound, and we see no reason to depart from the majority rule in this case. Indeed, as one court has already noted,

> nothing could be more paradoxical or contrary to sound policy than to hold that it is the public which must bear the risk of errors of judgment made by [FDIC] officials in attempting to save a failing institution—a risk which would never have been created but for defendants' wrongdoing in the first instance.

*Federal Savings and Loan Insurance Corp. v. Roy,* 1988 WL 96570, at *1 (D.Md. June 28, 1988).

Accordingly, we hold that when the FDIC sues to recover on the assets of a failed financial institution, the responsible officers and directors of such institution may not assert the affirmative defenses of contributory negligence and mitigation of damages against the FDIC. The district court therefore did not abuse its discretion when it refused to permit Mr. Mandel to introduce evidence of the post-receivership conduct of the FDIC in an attempt to reduce his liability for damages sustained as a result of the Park Glen transaction.

Finally, Mr. Mandel contends that the district court's findings of fact as to numerous issues are clearly erroneous. He claims that the court erred by finding (1) that he concealed the Park Glen transaction from regulatory authorities and the only outside director of State Savings, Bryan Wilkinson, (2) that he intended to deceive and defraud State Savings, (3) that he was involved in the management of Empire, the company from which State Savings purchased Park Glen, (4) that multiple versions of the Park Glen sales agreement were prepared on January 31, 1984, (5) that he knew the actual basis of Park Glen on that date was $3.5 million, (6) that he was aware of the $10 million wire transfer for Park Glen, (7) that he knew the board meeting held on January 31, 1984 supposedly approving the purchase of Park Glen was not a regular or special meeting of State Saving's board of directors, (8) that he knew the board of State Savings had not approved borrowing $5 million to accomplish the Park Glen transaction, and (9) that he wrote a false and fraudulent letter to federal regulatory official John Morris concerning the Park Glen transaction. We review these factual findings under the clearly erroneous standard. *Salve Regina College v. Russell,* 499 U.S. 225, 233, 111 S.Ct. 1217, 1222, 113 L.Ed.2d 190 (1991) (applying Fed.R.Civ.P. 52(a)); *O'Connor v. R.F. Lafferty & Co.,* 965 F.2d 893, 901 (10th Cir.1992). "A finding of fact is not clearly erroneous unless 'it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made.'" *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir.

1990) (quoting *LeMaire v. United States,* 826 F.2d 949, 953 (10th Cir.1987)). "When findings are based on determinations regarding the credibility of witnesses, Rule 52(a) demands even greater deference to the trial court's findings." *Anderson v. City of Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985).

After reviewing the record, we are not persuaded the factual findings of the district court are clearly erroneous. We find Mr. Mandel's assertions in many instances that the record "is bereft of any evidence," Aplt.Br. at 36, or "without any proof, whatsoever," *id.* at 30, incredible in light of ample evidence, both direct and circumstantial, supporting the court's findings. Mr. Mandel asserts that the "findings here are supported only by the self-serving testimony of the Federal Regulators or a defendant seeking to curry the favor of the U.S. attorney...." *Id.* at 30. The record does not support Mr. Mandel's bold assertion, and in any event, as we noted above, credibility determinations are left to the trial judge. The fact that Mr. Mandel does not agree with the testimony of certain witnesses does not make factual findings based upon such testimony clearly erroneous. Because the parties' versions of events differed at trial, the comparative credibility of the parties was particularly important to the court's findings of fact and we see no basis for overturning them. After reviewing the record, we are not "left with the definite and firm conviction that a mistake has been made." *LeMaire,* 826 F.2d at 953. The findings of the district court are affirmed.

## II.

Claiming newly discovered evidence, Mr. Mandel appeals the district court's denial of his motion to vacate judgment pursuant to Fed.R.Civ.P. 60(b). The newly discovered evidence offered by Mr. Mandel includes the unsuccessful attempt by James Rossetti, former president of State Savings, to withdraw a guilty plea to crimes arising out of the Park Glen transaction, and certain testimony of Kimberly McDonald, a former executive secretary of Mr. Mandel, confirming testimony

Mandel gave at trial. We review the district court's denial of Mr. Mandel's Rule 60(b) motion under the abuse of discretion standard. *Graham v. Wyeth Lab.*, 906 F.2d 1399, 1414–15 (10th Cir.), *cert. denied,* 498 U.S. 981, 111 S.Ct. 511, 112 L.Ed.2d 523 (1990).

In order for Mr. Mandel to satisfy the requirements of Rule 60(b) he must demonstrate, among other things, that the "newly discovered evidence would probably produce a different result." *Id.* at 1416. In its order denying Mr. Mandel's motion to vacate, the district court recognized this strict requirement and stated that it "could not be met even if the judgment were set aside and the additional evidence accepted." Aplt.App., vol. I, at 292. Our review shows no abuse of discretion.

The judgment of the district court is AFFIRMED.