43 F.3d 1484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Janice R. WHITE, Plaintiff-Appellant,
v.
Justin M. CURRENT; Cable Placement Services, Inc.,
Defendants-Appellees.
 No. 94-1056.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1994.
 
 1
 Before BRORBY and EBEL, Circuit Judges, and SAM,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals the district court's entry of judgment following a jury trial in her diversity personal injury action arising from an automobile accident. She challenges the district court's limitation of cross-examination of a witness, instruction on mitigating damages, and limitation of discovery of the opinions of a defense expert in unrelated actions. We affirm.
 
 
 4
 Plaintiff first argues the district court abused its discretion in failing to permit impeachment of defendants' expert witness Dr. Frederick A. Lewis, Jr. regarding a prior malpractice action in a closed head injury case. The district court has "broad discretion to impose reasonable limits on cross-examination based on concerns of harassment, prejudice, or confusion of the issues." Orjias v. Louisiana-Pacific Corp., 31 F.3d 995, 1008 (10th Cir.), cert. denied, 115 S.Ct. 511 (1994); see also FDIC v. Oldenburg, 38 F.3d 1119 (10th Cir.1994)(reviewing district court's evidentiary rulings for abuse of discretion). Upon examination of the briefs, plaintiff's appendix, and the relevant portions of the transcript, we conclude the district court did not abuse its discretion in refusing to permit cross-examination of Dr. Lewis regarding the prior malpractice action. Cf. Locke v. Vanderark, 843 P.2d 27, 31 (Colo. Ct.App.1992)(discussing law for inquiry into unrelated litigation), cert. denied, 1993 Colo. LEXIS 56 (Colo. Jan.11, 1993).
 
 
 5
 Plaintiff next argues that the district court erred in instructing the jury on the affirmative defense of failure to mitigate damages. In diversity cases, state law determines the substance of the jury instructions, but the decision to give an instruction is procedural and therefore controlled by federal law. Gilbert v. Cosco Inc., 989 F.2d 399, 405 (10th Cir.1993). As with evidentiary matters, the district court's jury instruction decisions are reviewed for an abuse of discretion. Hinds v. General Motors Corp., 988 F.2d 1039, 1046 (10th Cir.1993). After reviewing the trial transcript,[2] we conclude that there was sufficient evidence to instruct the jury on mitigating damages, see id., and the district court did not abuse its discretion.
 
 
 6
 Plaintiff finally argues that the district court erred in limiting discovery of the opinions of defense expert Lisa Meers, who was not called as a witness at trial, regarding her economic analysis in unrelated personal injury actions. Decisions concerning the scope of discovery are also left to the discretion of the district court. Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1514 (10th Cir.1990). We conclude the district court did not abuse its discretion. See generally In re Air Crash Disaster at Stapleton Int'l Airport, 720 F.Supp. 1442, 1444-45 (Colo.1988).
 
 
 7
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 **
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We note that we have only the even-numbered pages of the video deposition transcript of Raymond H. Best. See 10th Cir. R. 10.1.1 (appellant has responsibility to provide a complete and accurate record of proceedings concerning issues on appeal). Even without a complete transcript, we conclude the district court did not abuse its discretion in instructing on mitigating damages